UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY DONALD, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:11-CV-0144 JD-PRC |
| ) | |
| UNITED STATES OF AMERICA, et al, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This case alleges medical malpractice by a hospital and several health care providers who provided medical services to Plaintiff Mary Donald ("Ms. Donald") on behalf of the United States. This Court has jurisdiction over the claims under the Federal Tort Claims Act. Now before the Court are several motions for summary judgment, filed by Cholemari Sridhar, M.D. [DE 80], The Methodist Hospitals, Inc., and Laurie Kissee, R.N. [DE 83], Keith Ramsey, M.D., P.C., and Deborah L. McCullough, M.D., Inc. [DE 87], and Guillermo Font, M.D. [DE 92]. For the sake of brevity, the Defendants (other than the United States) are collectively referred to as "Health Care Providers." Each of the summary judgment motions filed by the Health Care Providers argue that the Plaintiffs have failed to provide any expert evidence in support of their claims of medical malpractice. Ms. Donald and Plaintiff Jovan Mays ("Mr. Mays"), who are proceeding *pro se*, have not responded to the motions for summary judgment even though the Health Care Providers each filed the required notice to *pro se* litigants. [DE 82, 86, 90, 91.] For the reasons stated below, each of the motions for summary judgment is GRANTED.

Also pending is a motion to dismiss for failure to prosecute, brought by The Methodist Hospital, Inc., and Laurie Kissee, R.N. [DE 73.] Plaintiffs also failed to respond to the motion

to dismiss. However, in light of the Court's rulings on those parties' motion for summary judgment, the motion to dismiss is DENIED AS MOOT.

Finally, while the motions for summary judgment have been pending, the Health Care Providers filed motions requesting a summary ruling on their respective motions for summary judgment, pursuant to Local Rule 7-1(d)(4), which authorizes the Court to "rule on a motion summarily if an opposing party does not file a response before the deadline." [DE 94, 95, 96, 97.] In light of the Court's ruling on the motions for summary judgment, the motions for a summary ruling are also DENIED AS MOOT.

**I. Factual Background**

Because Plaintiffs did not respond to the statements of material facts of the Health Care Providers, the Court accepts the Health Care Providers' statements of material facts as true. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

The facts surrounding the medical care provided by the Health Care Providers are largely absent from the record. As best the Court can determine, Ms. Donald was pregnant with twins, identified in these proceedings as DD and TD. During the course of her pregnancy, Ms. Donald was treated by the Health Care Providers. It appears that Ms. Donald gave birth to DD but that DD died shortly after birth. TD also died, though the record does not indicate the circumstances of TD's death. The record also does not indicate how or why the Health Care Providers were providing services on behalf of the United States, though Defendants do not challenge that the Federal Tort Claims Act applies in this case.

In 2009, Ms. Donald and Mr. Mays—then represented by counsel—filed a proposed complaint with the Indiana Department of Insurance. [DE 88 at 2.] They later filed an amended proposed complaint with the Department of Insurance and filed a complaint in Lake County

Superior Court. *Id.* In 2011, the United States removed the case from Lake County to this Court. *Id.*

While this case was pending, Mr. Donald and Mr. May's claims were subjected to review by a medical review panel, consistent with Indiana law. On December 16, 2011, this Court stayed further proceedings pending completion of that review. [DE 47.] On July 12, 2012, the medical review panel unanimously returned the following opinion:

> The evidence submitted does not support the conclusion that defendants, *The Methodist Hospitals, Inc., The Methodist Hospitals, Inc. d/b/a Broadway Methodist Hospital Northlake, Broadway Methodist Hospital Southlake, Deborah McCullough, M.D., Deborah McCullough, M.D., P.C., Laurie Kissee, R.N., Keith Ramsey, M.D., Keith Ramsey, M.D., P.C., Guillermo Font, M.D., Cholemari Sridhar, M.D., and C. Johnson C.N.M.*, failed to meet the appropriate standard of care as charged in the Complaint.
>
> Further, the conduct complained of against defendants . . . was not a factor of the result damages.

[DE 89-7.]

Following the decision of the medical review panel, Plaintiffs' counsel sought and was granted leave to withdraw. [DE 55, 56.] Ms. Donald and Mr. Mays were granted time in which to seek new counsel, but either did not try or were unable to do so. During a case management conference on January 10, 2013, the Court established a deadline of March 15, 2013, for Plaintiffs to identify any experts who would refute the opinion of the medical review panel. [DE 68.] To date, neither Ms. Donald nor Mr. May has identified any expert witnesses. [DE 88 at 3.] These motions for summary judgment followed.

## II. Standard of Review

On summary judgment, the burden is on the moving party to demonstrate that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That means that the Court must construe all facts in the light most

3

favorable to the nonmoving party, making every legitimate inference and resolving every doubt in its favor.  *Kerri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).  A "material" fact is one identified by the substantive law as affecting the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" exists with respect to any such material fact, and summary judgment is therefore inappropriate, when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  On the other hand, where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party, as well as draw all reasonable and justifiable inferences in her favor.  *King v. Preferred Technical Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).  However, the non-moving party cannot simply rest on the allegations or denials contained in its pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).

Although Ms. Donald and Mr. May failed to respond to the summary judgment motions, "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not, of course, automatically result in judgment for the movant." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012).  Rather, the moving party "must still demonstrate that it is entitled to judgment as a matter of law." *Id.*

### III. Discussion

The Federal Tort Claims Act ("FTCA") provides in part: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C § 2674. A case brought under the FTCA is governed by the law of the place where the act or omission occurred. 28 U.S.C § 1346(b). Therefore, Indiana state medical malpractice law, including any requirement regarding expert testimony, governs this case. *Gipson v. United States*, 631 F.3d 448, 452 (7th Cir. 2011).

To maintain a claim of medical malpractice under Indiana law, the plaintiff must show "(1) a duty owed by the defendant, (2) a breach of the duty by allowing conduct to fall below a set standard of care, and (3) a compensable injury proximately caused by defendant's breach of the duty." *Perry v. Driehorst*, 808 N.E.2d 765, 768 (Ind. Ct. App. 2004).

Additionally, Indiana law requires that any medical malpractice claim be presented to a medical review panel prior to being filed in court. Ind. Code § 34-18-8-4. If the medical review panel renders an opinion in favor of the health care provider, the plaintiff must then come forward with expert medical testimony that the health care provider's conduct fell below the legally prescribed standard of care in order to rebut the panel's opinion. *Methodist Hospitals, Inc. v. Johnson*, 856 N.E.2d 718, 721 (Ind. Ct. App. 2006). Failure to provide expert testimony will usually subject the plaintiff's claim to summary disposition. *Id.* This well-developed requirement has been cited many times, both in Indiana state courts and in federal courts applying Indiana law. *See, e.g., Slease v. Hughbanks*, 684 N.E.2d 496, 499 (Ind. Ct. App. 1997) (reversing with instructions to grant summary judgment where medical review panel rendered opinion adverse to plaintiff and plaintiff failed to provide expert opinion); *Malooley v. McIntyre*,

597 N.E.2d 314, 319 (Ind. Ct. App. 1992) (same); *Vinnedge v. Osolo Urgent Care & Occupational Med. Clinic*, No. 3:11-cv-380, 2013 WL 5655803, at *2 (N.D. Ind. Oct. 15, 2013) (granting summary judgment where medical review panel rendered opinion adverse to plaintiff and plaintiff failed to provide expert opinion); *Estate of Haigh v. Robertson*, No. 3:03-cv-855, 2008 WL 906013, at *8 (N.D. Ind. Mar. 31, 2008) (same).

In this case, a medical review panel unanimously concluded that each of the Health Care Providers complied with the applicable standard of care and their conduct "was not a factor of the result damages." [DE 89-7.] The Plaintiffs have failed to disclose any medical expert witnesses or opinions to rebut that finding. Accordingly, Plaintiffs have not provided sufficient evidence to create a genuine issue of material fact for trial.

There are two exceptions which could potentially relieve Ms. Donald and Mr. Mays of the requirement to file an expert opinion. The first is the common knowledge exception, which allows a jury to consider things which the jury would know to be outside the standard of care, even without consideration of expert opinions. *Widmeyer v. Faulk*, 612 N.E.2d 1119, 1123 (Ind. Ct. App. 1993). Examples of things within the jury's common knowledge are that a doctor should not leave foreign objects in a patient's body, that a chiropractor should not break a patient's ribs when treating migraine headaches, and that a dentist should not trip and jam a dental drill into a patient's throat. *Id.* Another exception exists when a plaintiff is proceeding under the theory of *res ipsa loquitur*.[1] *Res ipsa loquitur*—latin for "the thing speaks for itself"— is a legal doctrine which allows negligence to be inferred when the injury sustained could not have occurred in the absence of negligence. *Id.* "In the medical malpractice context, application of [the *res ipsa loquitur*] exception is limited to situations in which the defendant's conduct is so

---

[1] The concept of *res ipsa loquitur* is closely related to the concept of common knowledge. Since many Indiana decisions consider these as two separate exceptions, this Court will do so also. *See Widmeyer*, 612 N.E.2d at 1122–23; *Malooley*, 597 N.E.2d at 319.

6

obviously substandard that a jury need not possess medical expertise in order to recognize the defendant's breach of the applicable standard of care." *Methodist Hospitals*, 856 N.E.2d at 721.

Here, neither exception saves the Plaintiffs from the requirement to produce expert testimony. There are not sufficient facts in the record to support the notion that the Health Care Providers did something so inherently wrong that negligence can be inferred without expert opinion. Indeed, such a finding would be inconsistent with a unanimous, adverse opinion from the medical review panel. Further, the standard of care during prenatal healthcare is not within the knowledge of a lay jury, at least not without help from experts in the field.

The Court certainly sympathizes with Ms. Donald and Mr. Mays over the loss of DD and TD. However, a medical review panel analyzed the Plaintiffs' complaint and concluded that each Health Care Provider did not violate its duty of care. Without expert opinion to rebut that opinion, Plaintiffs have failed to show that a genuine issue of material fact exists so as to survive summary judgment. Accordingly, Health Care Providers are entitled to judgment as a matter of law.

## IV. Conclusion

For the reasons stated above, the Court GRANTS the Health Care Providers' Motions for Summary Judgment [DE 80, 83, 87, 92.] In light of the Court's ruling on the motions for summary judgment, the Motion to Dismiss for Lack of Prosecution [DE 73] is DENIED AS MOOT. In light of the Court's ruling on the motions for summary judgment, the Health Care Provider's Motions for Summary Rulings [DE 94, 95, 96, 97] are DENIED AS MOOT. The Clerk is instructed to enter judgment against Plaintiffs on all claims against Cholemari Sridhar, M.D., the Methodist Hospitals, Inc., Laurie Kissee, R.N., Keith Ramsey, M.D., P.C., Deborah L.

McCullough, M.D., Inc., and Guillermo Font, M.D.  The case remains pending against the United States, who has not yet filed any dispositive motions.

SO ORDERED.

Entered:  December 10, 2013

                                    /s/ JON E. DEGUILIO  
                                  Judge  
                                  United States District Court